CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JAN 07 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MICHAEL J. NASSER, SR., | ) |
| Plaintiff, | ) Civil Action No.: 5:12cv00097 |
| v. | ) |
| WHITEPAGES, INC, | ) By: Hon. Michael F. Urbanski |
| Defendant. | ) United States District Judge |

### MEMORANDUM OPINION

This matter is before the court on the motion of the pro se plaintiff Michael J. Nasser, Sr. ("Nasser"). Nasser styles his motion as a "motion for reconsideration of summary judgment." The court will construe the motion as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] For the reasons stated herein, the motion will be denied.

I.

The defendant WhitePages, Inc., ("WhitePages") incorrectly listed Nasser's address and telephone as that of "Comcast Phone of Virginia" and "Comcast Phont of Virginia." As a result, Nasser received thousands of unwanted phone calls intended for Comcast. Nasser brought suit

---

[1] Motions for reconsideration, while not uncommon in federal practice, are not recognized under the Federal Rules of Civil Procedure. See Ambling Mgmt. Co. v. Univ. View Partners, LLC, No. WDQ-07-2071, 2010 WL 457508, at *1 n.3 (D. Md. Feb. 3, 2010); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 100 (E.D. Va. 1983). The Fourth Circuit has held that courts should construe a post-judgment motion for reconsideration filed within 28 days of the entry of judgment as a motion to alter or amend a judgment pursuant to Rule 59(e). Because Nasser filed his motion for reconsideration within 28 days of the court's order adopting the report and recommendation and dismissing the case, it will be construed as a motion to alter judgment pursuant to Rule 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post-judgment motion is filed within [28] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled."); see also MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277–78 (4th Cir. 2008) (noting CODESCO continues to apply notwithstanding the amendment to Federal Rule of Appellate Procedure 4).

on the basis of nuisance, emotional distress, and (eventually) promissory estoppel. Ultimately, the court granted summary judgment in favor of WhitePages because Nasser's tort claims were barred by the immunity provided by the Communications Decency Act, 47 U.S.C. § 230, and his promissory estoppel claim was not recognized by Virginia law.[2] Nasser now urges the court to reconsider that holding for two reasons: (1) because the court failed to consider what Nasser's styles as his "equitable estoppel claim" and (2) because there are disputes of fact that make summary judgment inappropriate. Because Nasser's arguments misapprehend the law, his motion must be denied.

## II.

Nasser asserts that the court only addressed his claim of promissory estoppel and failed to address his "claim" for equitable estoppel. "[P]romissory estoppel is an equitable doctrine which generally is used to imply a contract where none exists." Tuomala v. Regent Univ., 252 Va. 368, 376, 477 S.E.2d 501, 506 (1996) (citation omitted). The terminology at issue here is somewhat confusing because the equitable doctrine of promissory estoppel is distinct from the doctrine of equitable estoppel—though both are doctrines of equity.[3] Nasser is, however, correct that equitable estoppel is a distinct doctrine under Virginia law.

Nasser is likewise correct that neither the court nor WhitePages addressed his "claim" for equitable estoppel. But this is because "[i]n Virginia, there is no recognized cause of action for equitable estoppel, and the doctrine is usually asserted as a shield rather than a sword." Virginia Power Energy Mktg., Inc. v. EQT Energy, LLC, 3:11CV630, 2012 WL 2905110, at *10 (E.D.

---

[2] A more fulsome recitation of the lengthy factual and procedural background of this matter can be found in the court's summary judgment opinion. (Dkt. No. 51). The court will refrain from rehashing that history here, as it is only tangentially relevant to the issue currently before the court. But one point is worth reiterating: Nasser also brought suit against Verizon, who provided the faulty listing to WhitePages, and has settled that claim.

[3] But see Orit Gan, Promissory Estoppel: A Call for A More Inclusive Contract Law, 16 J. Gender Race & Just. 47, 56 (2013) (noting that promissory estoppel has been categorized as a contract, tort, or equitable doctrine).

2

Va. July 16, 2012) (internal alterations omitted) (quoting Parker v. Westat, Inc., 301 F.Supp.2d 537, 544 (E.D.Va.2004) (collecting cases)). Thus, there is no such thing as a "claim" based on the doctrine of equitable estoppel.

In its summary judgment opinion, the court construed Nasser's pleadings for equitable or promissory estoppel as making a claim based on the equitable doctrine of promissory estoppel. In doing so, the court was keeping its "obligat[ion] to construe [pro se pleadings] liberally to assert any and all legal claims that its factual allegations can fairly be thought to support." Martin v. Gentile, 849 F.2d 863, 868 (4th Cir. 1988) (citation omitted); see also United States v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012) (citation omitted) ("[C]ourts must liberally construe the claims of pro se litigants[.]"). The court did not construe the pleadings as asserting equitable estoppel as a cause of action, as no pleading can be "fairly thought to support" legal claims that do not exist. See 4 Williston on Contracts § 8:3 (4th ed.) (citing Erickson v. Brown, 813 N.W.2d 531 (N.D. 2012) ("Equitable estoppel is not an affirmative cause of action and cannot be used to create an enforceable agreement between parties."); 28 Am. Jur. 2d Estoppel and Waiver § 1 (citing Long v. JP Morgan Chase Bank, Nat. Ass'n, 848 F. Supp. 2d 1166 (D. Haw. 2012) ("Equitable estoppel may be raised under federal and state law either as an affirmative defense or to prevent another party from raising an affirmative defense.").

The cases applying the doctrine of equitable estoppel cited by Nasser do not dictate a different result. In Gitter v. Cardiac & Thoracic Surgical Associates, Ltd., 419 F. App'x 365 (4th Cir. 2011), an Alabama doctor was hired by a Virginia hospital as its new chief of cardiac surgery. There was, however, no written contract and the hospital withdrew the offer of employment. Although the Fourth Circuit referred to the doctor's "claim of equitable estoppel," the doctor did not sue on any theory of equitable reliance. Instead, the doctor sued on the

contract, and asked that the hospital "be equitably estopped from asserting a Statute of Frauds defense." Id. at 367.[4] Thus, in Gitter, equitable estoppel did not serve as the cause of actions (a sword), but instead was asserted as a bar to an affirmative defense (a shield). Simply put, Gitter involved a contract claim, id. at 369 ("The district court incorrectly applied the law of the case to Gitter's *breach of contract claim*." (emphasis added)), and therefore does not support the position that Nasser should be able to pursue a claim of equitable estoppel here.

Similarly, in McCall v. McCall, 43 Va. Cir. 296, 1997 WL 33616519 (Rockingham Cty. Cir. Ct. Sept. 4, 1997), a divorce case, a wife successfully asserted equitable estoppel as an affirmative defense against her husband's enforcement of a nearly decade-old separation agreement, where the couple had reconciled shortly after making the agreement. Id. at *5. Again, equitable estoppel did not serve as a cause of action. Finally, in Barry v. Donnelly, 781 F.2d 1040 (4th Cir. 1986), the plaintiff sought a declaratory judgment to resolve a controversy over the ownership of a painting in the plaintiff's possession. The district court awarded the plaintiff summary judgment, finding that the statute of limitations had run on defendant's assertion of ownership. The Fourth Circuit reversed, noting that "[u]nder Virginia law, one may be estopped to plead the bar of a statute of limitations by conduct short of fraud, under the general doctrine of equitable estoppels." Id. at 1042 (citing City of Bedford v. James Leffel & Co., 558 F.2d 216, 217-18 (4th Cir.1977)). The Fourth Circuit remanded the case to determine if equitable estoppel barred the invocation of the statute of limitations. Id. at 1043. Again, equitable estoppel was not a claim or cause of action, but a potential bar to the assertion of an affirmative defense. Because equitable estoppel is not a valid cause of action, Nasser's assertion

---

[4] Virginia's Statute of Frauds requires that certain contracts be written in order to be enforceable. See generally, C. Porter Vaughan, Inc. v. DiLorenzo, 279 Va. 449, 456-57, 689 S.E.2d 656, 660 (2010).

4

of an equitable estoppel "claim" does not provide any reason to alter or amended the court's judgment.

### III.

Nasser also appears to argue that because there are genuine factual disputes, the court erred in granting summary judgment on his promissory estoppel claim. But summary judgment would only be inappropriate if the facts in dispute were material. See Crosby v. City of Gastonia, 635 F.3d 634, 644 n.12 (4th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)) ("A 'court shall grant summary judgment if the movant shows that there is no genuine dispute as to any *material fact* and the movant is entitled to judgment as a matter of law.'" (emphasis added)). The disputed facts are not material here.

Nasser based his doctrine of promissory estoppel claim on a conversation he had with a WhitePages customer service representative on October 28, 2009. Nasser asserted that during this conversation, the representative told him she had removed the offensive listings from the WhitePages website, and that Nasser took no further action to mitigate his injury in reliance on this promise. One of the argument WhitePages raised in response to Nasser's promissory estoppel claim was that Nasser was not "reasonable" in his reliance on the customer service rep's statements. Nasser quite correctly notes that the reasonableness of his reliance on the statements is generally a question of fact for a jury to decide. See Gitter v. Cardiac & Thoracic Surgical Associates, Ltd., 419 F. App'x 365, 370 (4th Cir. 2011) (noting that reliance and reasonableness are preeminently factual issues for a trier of fact). However, even assuming Nasser's reliance was reasonable—that is, taking the facts in the light most favorable to Nasser, the non-moving party—he cannot prevail on his claim because Virginia law does not recognize promissory

5

estoppel. This conclusion is one of law, and it is therefore proper grounds on which to award summary judgment.

## IV.

Nasser cannot assert his equitable estoppel claim because, although the doctrine is recognized in Virginia, it is not a cause of action but rather an affirmative defense. As a matter of law, he cannot prevail on his promissory estoppel claim because, although it is a cause of action, the doctrine is not recognized in Virginia. The Rule 59(e) motion there is without merit and shall accordingly be denied by separate order entered this day.

The Clerk is directed to send a certified copy of this Memorandum Opinion to counsel of record and the pro se plaintiff.

Entered: 1-7-14

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge