UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| MICHAEL J. NASSER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:12-cv-00097 |
| | ) | |
| | ) | By: Joel C. Hoppe |
| WHITEPAGES, INC., | ) | United States Magistrate Judge |
| Defendant. | ) | |

REPORT & RECOMMENDATION

This matter is before the Court on Defendant WhitePages, Inc.'s ("WhitePages") bill of costs (ECF No. 56), Plaintiff Michael J. Nasser's motion to dismiss the bill of costs (ECF No. 58), Nasser's own motion to recover his litigation expenses in this case (ECF No. 64), and Nasser's motion to certify three questions to the Supreme Court of Virginia (ECF No. 70). For the reasons provided in this Report and Recommendation, I respectfully recommend that Nasser's motions be denied and WhitePages's bill of costs be awarded in the amount of $350.

### I. Factual and Procedural Background

In October 2009, Plaintiff Michael J. Nasser began receiving calls from a large number of customers trying to contact Comcast, the cable provider for the Winchester, Virginia area. (ECF No. 1-1, p. 2.) Understandably annoyed, Nasser investigated these calls and soon discovered that Defendant WhitePages, Inc. listed his number after entries for "Comcast Phone of Virginia" and "Comcast Phont of Virginia" on its website, whitepages.com. (*Id.*)

Nasser called WhitePages on October 28, 2009, and asked for the listing to be removed. During that call, a WhitePages representative allegedly told him that she had processed the requested removals. (*Id.*, pp. 3–4.) However, the calls continued, and WhitePages maintained the

1

erroneous listing on its website until February 17, 2011, more than a year after Nasser first contacted WhitePages to alert it of the problem. (*Id.*, p. 5.)

In April 2010, Nasser sued WhitePages and Verizon Virginia, Inc. in state court for nuisance, intentional infliction of emotional distress, and negligent infliction of emotional distress. (ECF No. 51, p. 2.) Nasser settled his nuisance claim against Verizon after the court dismissed his other two claims, and he non-suited the claims against WhitePages. (*Id.*)

Nasser re-filed his claims against WhitePages in state court on August 6, 2012. (*Id.*) WhitePages removed the case to federal court the following month. (*Id.*) After discovery limited to the issue of whether Nasser's claims against WhitePages were barred by the Communications Decency Act, 47 U.S.C. § 230, both parties moved for summary judgment. On November 22, 2013, presiding United States District Judge Michael F. Urbanski denied Nasser's motion and granted WhitePages's motion, finding that WhitePages was entitled to immunity under § 230 and that Nasser could not rely on promissory estoppel because Virginia law does not recognize it as a cause of action. On December 10, 2013, Nasser filed a "motion for reconsideration" of the Court's summary judgment order, which the Court denied on January 7, 2014.

The same day, WhitePages filed its bill of costs. (ECF No. 56.) On January 16, 2014, Nasser moved to dismiss the bill of costs. (ECF No. 58.) On January 30, WhitePages moved for sanctions and a pre-filing injunction against Nasser. On February 18, Nasser filed his own motion seeking to recover costs in this matter. (ECF Nos. 64, 65.) Later that day, WhitePages filed its response in opposition to Nasser's motion. (ECF No. 66.)

On March 17, 2014, Nasser filed a motion requesting the District Court "to refer this matter to the Supreme Court of Virginia" to answer three proposed questions that Nasser argues are relevant to the disposition of this already-closed case. (ECF No. 70.)

By order of referral dated February 21, 2014, Judge Urbanski referred all non-dispositive motions to me to hear and determine pursuant to 28 U.S.C. § 636(b)(1)(A), and all dispositive motions to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 67.)

## II. Nasser's Motion to Certify Questions to the Virginia Supreme Court

In his latest motion, Nasser asks the Court to "refer this matter to the Supreme Court of Virginia for a ruling" on whether WhitePages was in default when the case was removed. (ECF No. 70.) The Supreme Court of Virginia allows federal courts to certify questions of law in cases in which a "question of Virginia law is determinative in any proceeding pending before the certifying court and it appears there is no controlling precedent on point in the decisions of [the Supreme Court of Virginia] or the Court of Appeals of Virginia." Va. Sup. Ct. R. 5:40; *see also Legard v. EQT Production Co.*, 771 F. Supp. 2d 607, 609–10 (W.D. Va. 2011) (describing the certification procedure).

Nasser argues in this motion that WhitePages was obligated to respond to the state court complaint 21 days after its local counsel, Timothy Battle, obtained a copy of the complaint from the clerk's office in the Circuit Court of Frederick County on August 13, 2012. (ECF No. 70, pp. 2–3.) Alternatively, Nasser argues if Mr. Battle's receipt of the complaint on August 13, 2012, did not constitute service of process, then the case was not properly removed because, according to Nasser, service before removal is improper under 28 U.S.C. § 1446(b). Nasser contends that this would deprive the Court of jurisdiction to decide the case. Separately, Nasser argues that § 8.01-380 of the Virginia Code strips this Court of jurisdiction.

Based on these arguments, Nasser requests that this Court certify the following three questions to the Supreme Court of Virginia:

> (1) If the representative of the defendant appears in the clerk's office of a Virginia state court and obtains a copy of the complaint, without waiving service, does this satisfy the requirement for service pursuant to Rule 3:5(b) and [Virginia Code § 8.01-288]?
>
> (2) Does a defendant in default pursuant to [Rule 3:19] … have the legal authority to move the complaint to federal jurisdiction for litigation?
>
> (3) Does a defendant whose [sic] is not legally served with a complaint, according to Virginia statutes, allowed [sic] to remove a re-filed non-suited case, pursuant to [Virginia Code § 8.01-380] … from the original jurisdiction to federal jurisdiction for litigation?

(ECF No. 70, p. 8–9).

In substance, most of Nasser's motion merely seeks to re-litigate matters this Court has already decided against him. Nasser originally moved for a default judgment on September 27, 2012, based on substantially the same arguments that he makes now. (ECF No. 6.) In a Report and Recommendation addressing that motion, United States Magistrate Judge B. Waugh Crigler rejected Nasser's position that local counsel's obtaining a copy of the complaint from the clerk effectuated service of process under Virginia law. (ECF No. 26, pp. 5–6.) Judge Urbanski adopted this portion of Judge Crigler's Report and Recommendation over Nasser's objections. (ECF No. 32, p. 3, n. 1 (noting that Nasser's argument that obtaining a complaint from the clerk's office constitutes service of process was "aptly dealt with in the Report and Recommendation.").)

Nasser argues that Judge Crigler's analysis fails to take into account Virginia Supreme Court Rule 3:5(b), which provides that a defendant in a civil action "may appear voluntarily and file responsive pleadings and may appear voluntarily and waive process." Rule 3:5(b) does not support Nasser's position that WhitePages's receipt of notice that an action was pending against it or even receipt of the complaint in that action, constitutes a voluntary waiver of service of process. *See Lifestar Response of Md., Inc. v. Vegosen*, 594 S.E.2d 589, 591 (Va. 2004).

Moreover, Judge Crigler's Report and Recommendation reveals that the Court was fully aware that a state-court defendant may waive service of process by voluntarily entering a general appearance in state court. (*See* ECF No. 26, p. 7 ("Likewise, the defendant took no action to make a general appearance in state court which, in effect, would have constituted a waiver of service.").)

Nasser also argues that Judge Crigler's finding that obtaining a copy of a complaint does not constitute good service of process contradicts his later observation that the same action starts the 30-day time period for removing a case. On this point, Nasser simply misreads the federal removal statute. That statute requires a defendant to file a notice of removal "within 30 days after the *receipt* by the defendant, through service *or otherwise*, of *a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(a) (emphasis added). The plain language of the statute ("or otherwise") requires a defendant who obtains a copy of a civil complaint by some means other than service to remove the case within 30 days, even if the plaintiff had not served the complaint.

In any event, Nasser has waived any objection he had to WhitePages's removal of this case to federal court. "A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Nasser has not filed a motion to remand. Furthermore, the Court has subject matter jurisdiction under 28 U.S.C. § 1332, a finding that Nasser does not appear to dispute. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-95 (1998) (court must determine that it has subject matter jurisdiction). In the Complaint, Nasser demanded an amount in excess

5

of the jurisdictional threshold of $75,000, and he alleged that he is a citizen of the Commonwealth of Virginia and that WhitePages has its principal place of business in Washington State. (ECF No. 1-1, pp. 1, 27; *see also* ECF No. 70, p. 4.) Accordingly, any "defect" in removal was a "defect other than lack of subject matter jurisdiction," and, as such, was waived when Nasser failed to raise it within 30 days after WhitePages filed the notice of removal. *See* 28 U.S.C. § 1447(c).

Finally, Nasser's argument that Virginia Code § 8.01-380 required his renewed action to be litigated in the state circuit court is frivolous. As a fundamental matter of federal constitutional law, states may not enlarge or restrict the jurisdiction Congress has chosen to confer on the federal courts. *Railway Co. v. Whitton's Administrator*, 13 Wall. [80 U.S.] 270, 286 (1871). The Virginia statute therefore has no effect on this Court's jurisdiction.

In conclusion, none of Nasser's proposed questions merits certification. As to the first two questions, the court has already rejected Nasser's request for a default judgment and decided this case on the merits, and Nasser waived any objection he has to removal. As to the third question, the answer is both well-settled and based on federal rather than Virginia state law. Therefore, I recommend that the Court deny Nasser's motion for certification. Furthermore, I find that the Court has subject matter jurisdiction over this case.

### III. Costs

#### A. WhitePages is Entitled to Recover Costs

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, WhitePages filed a Bill of Costs enumerating $453.05 in costs, broken down as follows: $359.00 in clerk fees for the notice of removal and $94.05 in transcript costs for copies of transcripts of two hearings from prior litigation between Nasser and WhitePages in Virginia state court. (ECF

No. 56.) Nasser then filed a motion to dismiss WhitePages's bill of costs, disputing both the propriety of awarding any costs to WhitePages and the amount claimed. (ECF No. 58.) Several weeks later, Nasser filed a "Motion [for] Expenses to Litigate this Matter from 4/21/2010 till 2/4/2014," requesting that the Court tax his litigation costs against WhitePages. (ECF No. 64.)

Rule 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Fourth Circuit has interpreted this rule to create a "presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). The Court may deny a prevailing party's costs only if "there would be an element of injustice in a presumptive cost award." *Id.* at 446.

The unsuccessful party bears the burden of showing "good reason" that the prevailing party should not recover its costs. *Ellis v. Grant Thornton, LLP*, 434 Fed. Appx. 232, 235 (4th Cir. 2011) (citing *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994); *Cherry*, 186 F.3d at 446). "A losing party's good faith in pursing an action is a 'virtual prerequisite'" to showing good reason for denying costs, but good faith alone is insufficient. *Cherry*, 186 F.3d at 446 (citing *Teague*, 35 F.3d at 996). The losing party must demonstrate that additional factors—such as an inability to pay any award of costs, the excessiveness of claimed costs, misconduct by a prevailing party, the closeness of the issues, or the partial nature or limited value of a prevailing party's victory—justify denying an award of costs. *Id.*

Here, Nasser has not shown "good reason" for denying WhitePages costs under Rule 54. This lawsuit is the product of Nasser's understandable frustration at being subjected to thousands of unwanted and unwarranted phone calls. Although the Court ultimately determined that his

7

claims were legally insufficient, at the inception of the lawsuit Nasser appears to have been acting in good faith, notwithstanding his recent uncivil conduct and frivolous filings.

Assuming that Nasser could show that he has conducted this litigation in good faith, he has not shown any additional circumstances that warrant denying an award of costs. *See Cherry*, 186 F.3d at 446. No evidence in the record demonstrates that Nasser would be unable to pay the modest sum requested by WhitePages. Moreover, even if paying costs would impose a hardship on Nasser, this fact would still not preclude the Court from awarding costs against him. *See id.* at 447–48 (noting that litigants proceeding *in forma pauperis* may be required to pay costs pursuant to 28 U.S.C. § 1915(f)(1)).

Neither WhitePages nor its counsel engaged in any misconduct during this case. Nor was this case unusually complicated or difficult. The Court granted summary judgment to WhitePages on immunity grounds after only limited discovery. (ECF Nos. 33, 52); *see Washington v. Kroger Ltd. Partnership I*, No. 3:11-cv-00074, 2013 WL 439851, at *2 (W.D. Va. Feb 5, 2013) (finding this factor did not weigh against award of costs where court rejected all of plaintiff's claims at summary judgment stage). And, because the Court granted summary judgment to WhitePages on all of Nasser's claims and awarded Nasser none of the damages he requested, WhitePages's victory was not "limited" or "partial."

Nasser objects to being taxed the costs because he claims he was forced to litigate without an attorney against his will in federal court. The fact that Nasser is proceeding *pro se* does not justify denying WhitePages an award of costs. *Washington*, 2013 WL 439851, at *2 (rejecting *pro se* plaintiff's argument that the defendant should not be awarded costs because the plaintiff had no lawyer). Likewise, the fact that Nasser brought this case in state court is immaterial to whether WhitePages should recover its costs, as Rule 54 does not distinguish

between cases brought in federal court by the plaintiff and cases removed from state court by the defendant. Courts routinely award prevailing defendants costs in removed actions, including fees for filing the removal notice itself. *Barker v. Washington Nat'l Ins. Co.*, Civil Action No. 9:12-cv-1901-PMD, 2013 WL 2297058, at *2 (D.S.C. May 24, 2013). Nasser also argues that WhitePages improperly removed the case before it was served with process. The Court has rejected this argument a number of times.

Because Nasser has shown no "good reason" why WhitePages should be denied its costs, I recommend that the Court order WhitePages's costs be taxed against Nasser.

### B. WhitePages has Proven Only $350 in Costs

Although the losing party in litigation bears the burden of demonstrating that an award of costs is improper, the prevailing party bears the burden of proving the amount of its expenses and that the claimed expenses are taxable as costs. *See Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 234 (E.D.N.Y. 2012); *Kansas Teachers Credit Union v. Mutual Guaranty Corp.*, 982 F. Supp. 1445, 1446–47 (D. Kan. 1997). The United States Code enumerates the costs a prevailing party may recover in civil cases. 28 U.S.C. § 1920.

WhitePages claims $359 in clerk fees for filing the notice of removal. (ECF No. 56, p. 2.) Clerk fees are taxable costs. 28 U.S.C. § 1920(1). However, the fee for filing the notice of removal in this case was $350, not $359. (ECF No. 1.) WhitePages has not shown that the additional amount of nine dollars is taxable as a cost. Accordingly, I recommend that the Court allow only $350 in clerk fees.

WhitePages also seeks $94.05 for "Transcript Costs" incurred on June 5, 2013, expenses it labels as "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." (ECF No. 56, pp. 1–2.) In support of these expenses, WhitePages attaches two invoices

from Laser Reporting: the first for $71.25 for a transcript of a hearing held on September 24, 2010, and the second for $22.80 for a transcript of a hearing held on October 8, 2010. (ECF No. 56, pp. 3–4.) It appears that both of these hearings were held in Nasser's first state court case against Verizon and WhitePages. (*Id.*)

Section 1920(2) allows a court to tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." A transcript is "necessarily obtained for use in the case" only when the transcript was reasonably necessary at the time it was purchased. *See Adkins v. Crown Auto, Inc.*, No. 4:04cv00042, 2005 WL 2563028, at *2 (W.D. Va. Oct. 11, 2005) (citing *LaVay Corp. v. Dominion Federal Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987)); *see also Cherry*, 186 F.3d at 449 ("The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." (citing *Fogleman v. Arabian-American Oil Co.*, 920 F.2d 278, 285 (5th Cir. 1991))). The party seeking costs bears the burden of making this showing. *Cherry*, 186 F.3d at 449.

Here, WhitePages has not explained why these transcripts were obtained or how they were used, and the record does not show that WhitePages attached them in any court filings. Thus, the Court is left without a basis to find that the transcripts were "necessarily obtained for use in the case." Accordingly, I recommend that the Court not tax these expenditures as costs.

WhitePages has established that it is entitled to recover only the $350 it spent removing the case to federal court. Accordingly, I recommend the Court grant in part and deny in part WhitePages's bill of costs and award costs of $350.

### C. Nasser's Motion for Costs Should be Denied

Nasser also seeks to recover his costs. His motion is frivolous. Nasser is not a prevailing party, so he is not entitled to costs under Rule 54. Nor is he entitled to costs under 28 U.S.C. § 1927, which authorizes courts to tax against an attorney "excess costs … reasonably incurred" because that attorney "multiplies the proceedings in any case unreasonably and vexatiously." No evidence in the record supports Nasser's argument. Accordingly, I recommend that the Court deny Nasser's motion to recover his litigation expenses.

## IV. Recommended Disposition

Based on the above findings and analysis, I respectfully recommend that the Court:

1. Grant in part and deny in part WhitePages's bill of costs (ECF No. 56) and award WhitePages costs of $350.00.

2. Deny Nasser's motion to dismiss the bill of costs (ECF No. 58).

3. Deny Nasser's motion to recover his own litigation expenses (ECF No. 64).

4. Deny Nasser's motion to certify three questions to the Supreme Court of Virginia (ECF No. 70).

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send a copy of this Report and Recommendation to all counsel of record and any unrepresented party.

ENTER: April 1, 2014.

Joel C. Hoppe
United States Magistrate Judge