UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| MICHAEL J. NASSER<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | Civil Action No. 5:12-cv-00097 |
| | )<br>) | By:    Joel C. Hoppe |
| WHITEPAGES, INC.,<br>    Defendant. | )<br>) | United States Magistrate Judge |

REPORT & RECOMMENDATION

This matter is before the Court on Plaintiff Michael J. Nasser's request for an extension of time to file a notice of appeal from the Judgment entered on November 22, 2013. (ECF No. 65.) On April 1, 2014, the Court entered an order requesting further briefing on whether, under Rule 4(a)(4) or (5) of the Federal Rules of Appellate Procedure, Nasser has requested an extension of time to file a notice of appeal and, if so, whether such request should be granted under the applicable legal standard. The parties have briefed the matter, and on April 25, the Court held a hearing. Based on Nasser's motion, the parties' briefs, and the parties' arguments at the hearing, I **respectfully recommend** that the Court construe Nasser's filing (ECF No. 65) as a motion to extend the time to appeal and deny the motion.

          **I.    Factual and Procedural Background**

Plaintiff Michael J. Nasser brought this case in state court against Defendant WhitePages, Inc. ("WhitePages") on August 6, 2012, alleging nuisance, intentional infliction of emotional distress, and negligent infliction of emotional distress. (ECF No. 51, p. 2.) WhitePages removed the case to federal court the following month. (*Id.*) On November 22, 2013, the Court granted

1

WhitePages's motion for summary judgment and ordered that the case be dismissed and stricken from the active docket. (ECF Nos. 51, 52.)

On December 10, 2013, Nasser filed a "motion for reconsideration" of the Court's summary judgment order. (ECF No. 53.) The Court construed Nasser's motion as a motion to alter or amend the judgment under Rule 59(e) and denied the motion on January 7, 2014. (ECF Nos. 54, 55).

The same day, WhitePages filed its bill of costs. (ECF No. 56.) On January 16, 2014, Nasser moved to dismiss the bill of costs. (ECF No. 58.) On January 30, WhitePages moved for sanctions and a pre-filing injunction against Nasser. (ECF No. 59.) On February 18, Nasser filed his own motion seeking to recover costs in this matter. (ECF Nos. 64, 65.) Later that day, WhitePages filed its response in opposition to Nasser's motion. (ECF No. 66.)

By order of referral dated February 21, 2014, United States District Judge Michael F. Urbanski referred all non-dispositive motions to me to hear and determine pursuant to 28 U.S.C. § 636(b)(1)(A), and all dispositive motions to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 67.) On April 1, I entered an order denying WhitePages's motion for sanctions and a report and recommendation addressing several issues including costs. (ECF Nos. 71–73.) I also entered an order directing the parties to provide further briefing on whether the Court should construe statements in Nasser's filing in opposition to WhitePages's sanctions motion and supporting his motion for expenses as a request for an extension of time to appeal and, if so, whether the request should be granted. (ECF No. 74.) On April 8, Nasser filed a motion for extension of time to appeal[1] and a brief in support of that motion. (ECF Nos. 75, 76.)

---

[1] Based on Nasser's filing and my conversation with him during the April 25 hearing, it is not clear that Nasser intended to make a second request for an extension. In any event, Nasser's motion for extension filed on April 8, 2014, is untimely. Appellate Rule 4(a)(5) and 28 U.S.C. § 2107(c) allow a district court to extend the time to appeal

2

On April 15, WhitePages filed a brief in opposition to Nasser's request for an extension along with a supporting affidavit. (ECF Nos. 77, 78.) The Court held a hearing on the matter on April 25, 2014. (ECF Nos. 80, 82.)

## II. Discussion

### A. Nasser's February 18 memorandum opposing WhitePages's sanctions motion should be construed as a motion for an extension of time to file a notice of appeal

In the April 1 order, the Court "preliminarily determine[d] that [Nasser] requested an extension of time to note an appeal" in his memorandum in opposition to WhitePages's sanctions motion and asked the parties to address "whether … Nasser has requested an extension of time to file a notice of appeal." (ECF. No. 74, p. 1.) At the hearing, the parties agreed that a fair reading of Nasser's memorandum in opposition requires the Court to construe it as a request for an extension of time. I agree.

Parties in civil cases must ordinarily file a notice of appeal from a judgment within 30 days after the district court enters that judgment. Fed. R. App. P. 4(a)(1)(A). This 30-day period is delayed by the timely filing of certain post-judgment motions, including motions to alter or amend a judgment under Rule 59(e). Fed. R. App. P. 4(a)(4)(A)(iii). In this case, the District Court entered judgment for WhitePages on November 22, 2013. (ECF No. 52.) Nasser filed a "motion for reconsideration" of the Court's summary judgment order on December 10, within the 28-day period for filing a Rule 59(e) motion. (ECF No. 53.) The District Court construed Nasser's motion as a Rule 59(e) motion and denied it in an order dated January 7, 2014. (ECF

---

only upon a motion made within 30 days after the time for appeal expires. Here, the time for appeal expired February 6, and the time for requesting an extension expired on March 8. The time limits on taking an appeal are "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (internal quotations omitted). Accordingly, to the extent that Nasser's April 8 motion for an extension of time to appeal was not merely duplicative of his prior motion for extension, I recommend that the Court deny it as untimely under Rule 4(a)(5).

3

No. 55.) Thus, the 30-day period for appealing the judgment in this case began to run on January 7, 2014, and expired on February 6, 2014.

A district court may extend the time to appeal if a party files a motion for an extension of time "no later than 30 days after" the initial 30-day period expires, and the party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Although Nasser never filed a motion specifically requesting an extension of time, in his February 18, 2014, memorandum opposing WhitePages's sanctions motion, he appears to request such an extension. (ECF No. 65, p. 1 (noting "[the Court] could extend the time limit to file an appeal"), p. 14 (noting "this is but one of [Nasser's] appealable positions"), p. 15 ("[Nasser] prays that this Court will not impede [his] effort to appeal the decisions of this Court.")).

Nasser is proceeding *pro se*, and *pro se* filings must "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). When a *pro se* litigant's filing "evince[s] a desire to preserve his appeal," a district court should construe the filing as a motion to extend the time to appeal pursuant to Rule 4(a)(5). *Myers v. Stephenson*, 781 F.2d 1036, 1038 (4th Cir. 1986). *Cf. Shah v. Hutto*, 722 F.2d 1167, 1168–69 (4th Cir. 1983) (en banc) (holding that a bare untimely notice of appeal cannot be construed as a motion for extension of time, "where no request for additional time is manifest"). Under this standard, Nasser's statements in his February 18 memorandum are sufficient.

**B. Nasser is not entitled to an extension of time under Appellate Rule 4(a)(4)**

Nasser first argues that WhitePages's sanctions motions was a motion for attorneys' fees under Civil Rule 54(d)(2), and that the Court accordingly may extend the time for appeal pursuant to Civil Rule 58(e) and Appellate Rule 4(a)(4)(A)(iii). I disagree.

4

Civil Rule 54(d)(2) governs requests for attorneys' fees in federal district court. Subparagraphs (A) through (D) of Rule 54(d)(2) set forth procedures for requesting attorneys' fees. Subparagraph (E) provides that "[s]ubparagraphs (A)–(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927." Civil Rule 58(e) provides that, although outstanding motions to recover costs or attorneys' fees do not ordinarily delay entry of judgment or extend the time for appeal, "if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under [Appellate Rule] 4(a)(4) as a timely motion under Rule 59."[2] Appellate Rule 4(a)(4) provides that the filing of certain post-judgment motions tolls the time for appeal from the underlying judgment, so that "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Among the tolling motions enumerated in the rule are motions "for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58." Fed. R. App. P. 4(a)(4)(A)(iii).

WhitePages argues that its motion sought attorneys' fees not under Civil Rule 54(d)(2), but "pursuant to the Court's inherent power and the power granted the Court under the All Writs Act, 28 U.S.C. § 1651(a)." In essence, WhitePages asks the Court to hold that a motion for attorney fees as sanctions is not a "motion for attorney's fees … under Rule 54(d)(2)." The Court of Appeals for the Seventh Circuit has staked out a contrary position, holding that a motion for fees as sanctions is a motion for attorney's fees under Rule 54 as that term is used in Rule 58(a). *Feldman v. Olin Corp.*, 673 F.3d 515, 517-18 (7th Cir. 2012). The Seventh Circuit emphasized in

---

[2] In this Report and Recommendation, I will refer to an order entered pursuant to Rule 58(e) that a "motion for attorney's fees … under Rule 54(d)(2) … have the same effect under [Appellate Rule] 4(a)(4) as a timely motion under Rule 59" as a "Rule 58(e) order."

5

that case that Rule 58(a)(3) and Rule 54(d)(2)(E) "should not be read to mean that some motions for awards of attorneys' fees are 'under' Rule 54 and others are 'under' something else." *Id.* at 517. Rather, Rule 54(d)(2) provides the procedure for seeking attorneys' fees (except where Rule 54(d)(2)(E) makes those procedures inapplicable). *Id.* The right to seek fees must come from somewhere else. *Id.* Applying the rationale in *Feldman*, a motion for fees as sanctions is also a "motion for attorney's fees … under Rule 54(d)(2)" for purposes of Rule 58(e). *See Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 232 (2007) ("Identical words and phrases within the same statute should normally be given the same meaning.")

However, I need not decide whether a motion for fees as sanctions can be a "motion for attorney fees … under Rule 54(d)(2)." Even if WhitePages's motion does meet that description, a Rule 58(e) order is not permissible because Nasser's first request for an extension of time—under Appellate Rule 4(a)(4) or 4(a)(5)—came after the initial time for appeal had expired. Extending the time for appeal under Rule 4(a)(4)(A)(iii) after a party had failed to notice an appeal or request an extension of time during the initial thirty day period would effectively permit an end-run around Rule 4(a)(5)'s requirement that the party seeking the extension show good cause or excusable neglect.

A court may not enter a Rule 58(e) order tolling the time to note an appeal after the time for appeal has expired. *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 215 F.3d 306, 312–13 (2d Cir. 2000); *Robinson v. City of Harvey*, 489 F.3d 864, 868–69 (7th Cir. 2007); *Burnley v. City of San Antonio*, 470 F.3d 189, 199–200 (5th Cir. 2006); *Electronic Privacy Information Center v. U.S. Dept. of Homeland Security*, 811 F. Supp. 2d 216, 226 n. 2 (D.D.C. 2011); *Del Amo v. Baccash*, No. CV 07-663 PSG (JWJx), 2008 WL 5179022, at *2 (C.D. Cal. Dec. 9, 2008). As *Mendes Junior*, the leading case on the matter, explains, construing Rule 58(e) to allow a district

6

court to reopen an expired appeal period is inconsistent with the language and purpose of Rule 58(e) and "is inimical to the sanctity of final judgments, which the strict deadlines imposed by [Appellate Rule] 4(a) are designed to protect." 215 F.3d at 313.

First, as *Mendes Junior* explains, the requirement that a Rule 58(e) order "must be entered 'before a notice of appeal … has become effective' mean[s] that such order may be entered only while there exists the possibility, under the provisions governing appellate jurisdiction, that a notice of appeal from the judgment could become effective." *Id.* (alterations in original). In other words, a court may not toll the time for appeal when the time for appeal has already run. *Del Amo*, 2008 WL 5179022, at *2.

Second, using a Rule 58(e) order to revive an expired right to appeal is inconsistent with the purpose of Rule 58(e)—which is "to increase judicial efficiency by allowing an appeal from a decision on attorneys' fees to be coordinated with the appeal from the judgment." *Mendes Junior*, 215 F.3d at 313; *accord Robinson*, 489 F.3d at 869. Where the losing party "has failed to file a timely notice of appeal within the original period established by FRAP Rule 4(a)(1) and has failed even to timely move for an authorized extension, there is no efficiency to be achieved by entering a Rule [58(e)] order." *Mendes Junior*, 215 F.3d at 314.

Third, allowing a Rule 58(e) order to "revive an expired right to appeal would subvert the 'certainty and stability which have hitherto been considered of first importance in the appellate practice of the federal courts.'" *Id.* (quoting *Hill v. Hawes*, 320 U.S. 520, 524 (1944) (Stone, C.J., dissenting)). If a district court entertaining a fee motion could revive an expired right to appeal with a Rule 58(e) order at any time, "the prevailing party would have no assurance, no matter how long its fee motion remained pending, that the losing party's failure to file a notice of appeal within the time allowed made the judgment impervious to appeal." *Id.* at 314–15. Moreover,

because district courts have authority to extend the time to file a timely attorney fee motion under Rule 54(d)(2)(B), a fee motion filed months after an un-appealed final judgment could threaten the finality of that judgment. *Id.* at 315. Such a reading of Rule 58(e) would undermine "the long-recognized public interest in the finality of litigation." *Robinson*, 489 F.3d at 869.

In *Mendes Junior*, the losing party did not request an extension of time—either by a Rule 58(e) order or under Appellate Rule 4(a)(5) for good cause or excusable neglect—until after both the initial 30 day time to appeal and the 30-day grace period to file a motion for an extension under Rule 4(a)(5) had expired. 215 F.3d at 310. Here, of course, Nasser requested an extension of time during the 30-day grace period. But the reasoning of *Mendes Junior* nevertheless applies. A notice of appeal filed after the initial time to appeal expires can conceivably "become effective," but only if the appellant has requested an extension of time before the end of the 30-day grace period and shown good cause or excusable neglect. *See* Fed. R. App. P. 4(a)(5). Entering a Rule 58(e) order to extend the time to appeal based on a request made during the grace period but without a finding of good cause or excusable neglect would effectively subvert the requirements of Appellate Rule 4(a)(5). *Cf. Burnley*, 470 F.3d at 199 (holding that district courts may enter Rule 58(e) orders "only for the purpose of allowing appeals from both the merits judgment and the fee judgment to be taken at the same time," and not to revive an expired right to appeal). Moreover, nothing in the rules suggests that a district court may use a Rule 58(e) order to give a second chance to a party who missed the time to appeal under Appellate Rule 4(a)(1). "[W]hile Rule 58(e) authorizes a court to delay the clock for filing a notice of appeal, a court can only delay the clock when there is time left on it." *Del Amo*, 2008 WL 5179022, at *2; *accord Robinson*, 489 F.3d at 868–69 (declining to read Rule 58(c)(2) (now Rule 58(e)) "to permit a district court judge to enter a [Rule 58(e) order] anytime after a fee petition has been

filed and is still pending, regardless of whether the 30-day time period to appeal the judgment has already passed"); *Burnley*, 470 F.3 at 200 ("[T]he district court exceeded its authority under FRCP 58(c)(2) … in … purporting to revive and retroactively delay the city's time to appeal [a judgment entered on July 2, 2004] after that judgment had become final and unappealable on August 2, 2004.").

Thus, because the Nasser did not request and the Court did not enter a Rule 58(e) order before the original thirty-day period to appeal expired, the Court may not invoke Rule 4(a)(4)(A)(iii) and Rule 58(e) to extend his time for appeal without finding that Nasser has met the standard for an extension of time under Rule 4(a)(5).

**C. Nasser is not entitled to an extension of time under Appellate Rule 4(a)(5)**

Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows a district court to extend the time for noting an appeal upon the motion of a party made no later than 30 days after the time for appeal expires. A party seeking an extension must show either excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).

WhitePages argues that the excusable neglect standard applies because Nasser's request came after the time for appeal had expired. For this proposition, WhitePages cites *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 532 (4th Cir. 1996), where the Fourth Circuit "join[ed] the overwhelming majority of our sister circuits in holding that the 'good cause' standard is only applicable to motions for enlargement of time filed within thirty days of entry of judgment."

However, *Thompson* is no longer good law on this point. In 2002, the Appellate Rules were amended to permit an extension on a timely motion, "*regardless of whether [the] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires,* that party

9

shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii) (emphasis added). The amendments altered Appellate Rule 4(a)(5)(A)(ii) by adding the italicized phrase quoted above. *See* Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Proposed Rule: Proposed Amendments to Federal Rules*, 195 F.R.D. 95, 113 (2000). The Rules Advisory Committee indicated that this change was made specifically to abrogate decisions of the courts of appeal that, as in *Thompson*, held that the "good cause" standard applied only to motions made before the original time for appeal has run. *See* Fed. R. App. P. 4, Advisory Committee Notes to the 2002 Amendments; *accord Roman v. Sam's Club/Walmart*, No. 7:10-cv-524, 2013 WL 1643936, at *1 n. 1 (W.D. Va. Apr. 16, 2013). Thus, a court may extend the deadline to note an appeal based on a showing of either good cause or excusable neglect.

Appellate Rule 4 does not define "good cause" or "excusable neglect." In the notes to the 2002 Amendments, the Rules Advisory Committee explained that the two standards have "'different domains.'" Fed. R. App. P. 4, Advisory Committee Notes to the 2002 Amendments (quoting *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990)). The two standards

> are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

*Id.*; *accord Dalenk v. News & Observer Publishing Co.*, 447 Fed. Appx. 490, 491 (4th Cir. 2011).

Nasser has not indicated that he was prevented from timely noticing an appeal by circumstances outside of his control.[3] Instead, it appears that his failure to file a timely notice of

---

[3] Nasser does allege that WhitePages filed its motion in order to "obstruct" his appeal. But he has presented no evidence to support this claim. Moreover, under the rules, WhitePages's motion had no effect on Nasser's ability to

10

appeal resulted from his confusion over the requirements of the rules. Therefore, the "good cause" standard is inapplicable here, and Nasser's request for an extension of time turns on whether he has shown "excusable neglect."

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the Supreme Court interpreted "excusable neglect" as used in Bankruptcy Rule 9006(b)(1).[4] The Court noted that the term "neglect" itself suggested carelessness, and reasoned that, by permitting extensions of time for "excusable neglect," Congress "plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness." *Id.* at 390.

Having clarified that a party's inadvertence or negligence will not foreclose a finding of "excusable neglect," the Court turned to the question of when "neglect" is "excusable." *Id.* at 395. The Court explained that the determination of whether "neglect" is "excusable" is "at bottom an equitable one, taking account of the relevant circumstances surrounding the party's omission." *Id.* at 395. "These include … the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citing *In re Pioneer Investment Services Co.*, 943 F.2d 673, 677 (6th Cir. 1991)).

In *Pioneer*, a creditor filed a proof of claim, along with a motion to permit the late filing, 20 days after the deadline for filing a proof of claim against a bankrupt Chapter 11 debtor had

---

file his appeal. *See* Fed. R. Civ. P. 58(e) ("Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees.")

[4] Like the parallel provision in Rule 6 of the Federal Rules of Civil Procedure, Bankruptcy Rule 9006(b)(1) allows a bankruptcy court to extend the time for a party to act

> "for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

passed. *Id.* at 384–85. In the motion, the creditor's attorney explained that he was unaware of the bar date and that it "came at a time when he was experiencing 'a major and significant disruption' in his professional life caused by his withdrawal from his former law firm" three days before the deadline. *Id.* at 384. The attorney explained that this disruption prevented him from accessing the case file until mid-August. *Id.* The parties in *Pioneer* agreed that the delay caused no prejudice to the debtor or the interests of judicial efficiency and that the creditor and counsel acted in good faith, factors which "weigh[ed] strongly in favor of permitting the tardy claim." *Id.* at 398. In assessing the reason for the delay, the Court gave "little weight to the fact that counsel was experiencing upheaval in his law practice," but considered the Bankruptcy court's inconspicuous notice of the bar date—which was hidden in a notice regarding a creditors' meeting—to be "significant." *Id.* Together with the lack of prejudice to the debtor or judicial administration and the creditor's good faith, "the unusual form of notice employed [by the bankruptcy court] … require[d] a finding that the neglect of [the creditor's] counsel was, under all the circumstances, 'excusable.'" *Id.* at 398–99.

Although *Pioneer* interpreted "excusable neglect" as used in Bankruptcy Rule 9006(b)(1) rather than Appellate Rule 4(a)(5), the Court appeared to recognize that lower courts would look to its decision for guidance in interpreting Rule 4. *Id.* at 387 n. 3 (noting that circuits were also split on the meaning of "excusable neglect" in Appellate Rule 4(a)(5)). Three years later, in *Thompson*, the Fourth Circuit held that *Pioneer's* definition of "excusable neglect" in the bankruptcy rules also applies to the term as it is used in Appellate Rule 4(a)(5). 76 F.3d at 533.

In *Thompson*, a represented plaintiff filed her notice of appeal of the district court's grant of summary judgment three days after the deadline had expired. *Id.* at 531–32. The plaintiff moved the district court to extend the time for appeal, asserting that she mailed the notice three

days before the deadline, but that the postal service took six days to deliver it. *Id.* The district court denied the motion, and a unanimous panel of the Fourth Circuit affirmed that decision and dismissed the underlying appeal. *Id.* at 532, 535.

In its opinion, the Fourth Circuit emphasized that "'excusable neglect' is not easily demonstrated, nor was it intended to be." *Id.* at 534. The court noted that, of the four factors identified in *Pioneer*, the reason for the delay was the most important. *Id.* (citing *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994); *City of Chanute v. Williams National Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)). And it found the plaintiff's reason for missing the deadline inadequate as a matter of law. *Id.* at 534 ("Simply put, a non-prisoner litigant who entrusts his filing with the postal process, without taking further steps to ensure that the notice of appeal is timely 'filed' with the district court, cannot establish excusable neglect.").[5]

Applying the *Pioneer* factors in this case, the first factor—prejudice to the nonmoving party—weighs in favor of an extension. Nasser alleges in his brief in support that WhitePages has not been prejudiced by any delay (ECF. No. 76, p. 2.), and WhitePages did not contest this allegation in its response. Asked at the hearing how it would be prejudiced by a three-month delay in the appeal, WhitePages pointed to the time and expense it would incur in defending an appeal. This burden is attributable to the appeal itself and not the delay in noting it. Accordingly, I find WhitePages has not been significantly prejudiced.

---

[5] Other courts of appeals have reached the opposite conclusion. *See, e.g., Mendez v. Knowles*, 556 F.3d 757, 766–67 (9th Cir. 2009) (expressly rejecting *Thompson*); *Zipperer ex rel. Zipperer v. School Board of Seminole County*, 111 F.3d 847, 850 (11th Cir. 1997) (finding no abuse of discretion in district court decision granting an extension where notice was mailed six days before deadline but received one day after); *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132 (7th Cir. 1996) ("The term 'excusable neglect' … refers to the missing of a deadline as a result of such things as … lost mail…."); *United States v. Carson*, 52 F.3d 1173, 1180 (2d Cir. 1995) (finding no abuse of discretion where notice was sent two days before deadline but received late); *Sanchez v. Board of Regents of Texas Southern University*, 625 F.2d 521, 522 (5th Cir. 1980) ("[R]eliance on the normal course of delivery of mail is reasonable and may be the basis for a court to excuse otherwise untimely filing."), *abrogated on other grounds*, *Thompson v. Montgomery*, 853 F.2d 287 (5th Cir. 1988).

The second *Pioneer* factor—the length of the delay and its effect on judicial efficiency—also weighs in favor of extension, though not as strongly as in some cases. *Cf. Thompson*, 76 F.3d at 531 (notice of appeal filed three days late); *Hayward v. McCabe*, No. 1:11-cv-644-RBH, 2012 WL 1096101, at *1 (D.S.C. Mar. 30, 2012) (finding no good cause or excusable neglect for filing objection to R&R one day late). Nasser's request for an extension came 12 days after the time for appeal expired, and if the Court were to grant his motion, his appeal will have been delayed by only a few months.

Likewise, the fourth *Pioneer* factor—whether the party's conduct in failing to meet the deadline was in good faith—weighs in favor of granting an extension. "Bad faith" in the context of *Pioneer* analysis refers to deliberate or at least reckless disregard for procedural deadlines. *Cf. Pincay v. Andrews*, 389 F.3d 853, 861 (9th Cir. 2004) (en banc) (Kozinzki, J., dissenting) ("Bad-faith delay is rare, given that we're only dealing with 'neglect,' not deliberate flouting of the rules."); *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (explaining that conduct of in-house counsel's clerk, "though grossly negligent, was not willful, deliberate, or evidence of bad faith"); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) ("The record demonstrates that defendants' late filings were due to mistake, inadvertence or carelessness and not to bad faith on defendants' part."). There is no indication here that Nasser's misinterpretation of the rules was anything other than the result of a good-faith mistake.

While the first, second, and fourth *Pioneer* factors weigh in favor of granting an extension, they are not conclusive. In fact, as several courts of appeals have observed, these three factors will weigh in favor of an extension in most cases. "Delay always will be minimal in actual if not relative terms, and the prejudice to the non movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely

notice of appeal." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000); *accord Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 331 (3d Cir. 2012); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003); *Pincay*, 389 F.3d at 861 (Kozinski, J., dissenting). Likewise, absence of good faith is also unusual. *Silivanch*, 333 F.3d at 366; *Ragguette*, 211 F.3d at 463; *Pincay*, 389 F.3d at 861 (Kozinski, J., dissenting). Thus, as the Fourth Circuit observed in *Thompson*, the third factor—the reason for the delay—is the most important. 76 F.3d at 534.

Both the Supreme Court in *Pioneer* and the Fourth Circuit in *Thompson* emphasized that "ignorance of the rules[] or mistakes construing [them] do not usually constitute 'excusable neglect.'" *Pioneer*, 507 U.S. at 396–97; *Thompson*, 76 F.3d at 533. However, neither *Pioneer* nor *Thompson* created a "*per se*" rule that mistakes of law are inexcusable, and such a conclusion arguably would be inconsistent with *Pioneer's* flexible approach. *See Pincay*, 389 F.3d at 859–60 (affirming trial court's finding of excusable neglect); *id.* at 863 (Kozinski, J., dissenting) (agreeing that "*Pioneer* forecloses any per se rule against 'mistakes construing the rules'"). Because *Pioneer* and *Thompson* instruct that mistakes of law do not "usually" excuse neglect, a party relying on such a mistake to obtain an extension must show unusual circumstances warranting an extension. *See Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6 (1st Cir. 2001) (noting that, after *Pioneer*, the First Circuit routinely upholds "findings of 'no excusable neglect' where the [district] court cited the absence of unique or extraordinary circumstances").

The fact that Nasser is not represented by counsel in this matter bears on this Court's evaluation of his reasons for missing the appeal deadline. *Alston v. Pafumi*, No. 3:09cv1978(CSH), 2012 WL 6093893, at *2 (D. Conn. 2012). A misunderstanding of the rules

15

that might not be excusable for counsel may be more understandable for a pro se litigant. However, a party's *pro se* status "does not in and of itself constitute an excuse for … non-compliance with procedural rules. *Id.*; *Myers v. New York City Human Rights Commission*, No. 04 Civ. 00543(JCF), 2006 WL 2053317, at *2 (S.D.N.Y. 2006); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). A *pro se* litigant's misunderstanding of the rules' plain language will not support a finding of excusable neglect. *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 133 (7th Cir. 1996) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."); *see also J.D.* ex rel. *Davis v. Kanawha County Board of Education*, 517 F. Supp. 2d 822 (S.D.W. Va. 2007); *Torrey v. Department of Elementary & Secondary Education Appeals*, 952 F. Supp. 2d 304 (D. Mass 2013).

Nasser's memorandum in opposition to WhitePages's sanctions motion suggests that his failure to timely notice his appeal resulted, at least in part, from his misreading of Appellate Rule 4(a)(4)(A). Nasser began that memorandum with the following discussion:

> This Court entered Summary Judgment in favor of Whitepages, Inc. on November 21, 2013. Pursuant to Rule 59(e) of the FRCP, the Plaintiff filed his motion to alter or amend a judgment. The Court denied the Plaintiff's motion in the Memorandum Opinion entered on January 7, 2014. Since that was a dispositive motion, the limit to appeal the Court's Summary Judgment decision was now February 4, 2014. On January 30, 2014, the Defendant filed herein this motion, within the twenty eight day limit, which the Plaintiff contends is also a dispositive motion. The Plaintiff contends, that pending the outcome of the Court decision's on this motion, it could extend the time limit to file an appeal up to twenty-eight days after the court's decision on this motion.

(ECF No. 65, p. 1.) Likewise, in his brief supporting his request for an extension, Nasser again contends that the sanctions motion is "a dispositive motion," and also argues that the Bill of

Costs is "also … a dispositive motion." (ECF No. 76, p. 1.) Based on these statements, Nasser may have believed that whether a post-judgment motion tolls the time for appeal under the rules turns on whether the motion is characterized as "dispositive."

The rules do not support the notion that a motion tolls the time for appeal if it is "dispositive." Moreover, Nasser's assertion that the Bill of Costs is a "dispositive" motion that tolls the time for appeal is expressly contradicted by the federal rules. Rule 58(e) plainly states that entry of judgment "may not be delayed, nor the time for appeal extended, in order to tax costs or award fees." And while it provides an exception for motions for attorney fees where the court enters a Rule 58(e) order, it identifies no exception for motions seeking recovery of costs. Moreover, Civil Rule 58(e) plainly states that a district court must act before a notice of appeal becomes effective for a fee motion to toll the time for noting an appeal. The Court, however, never entered a Rule 58(e) order.

In his brief in support of an extension, Nasser states that he "elected to await" the Court's disposition of WhitePages's sanctions motion before noticing his appeal because "he did not want to forfeit his appeal fee by filing before a decision." (ECF No. 76, p. 2). Nasser's concern has no basis in either the Civil or Appellate Rules.[6] Even if WhitePages's motion was a tolling motion under Appellate Rule 4(a)(4)(A), Nasser could still notice an appeal before the court decided the motion without risk of losing the appeal fee. Appellate Rule 4(a)(4)(B)(i) unambiguously states that a notice of appeal filed "after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—…becomes effective

---

[6] Nasser indicated at the hearing that he had encountered case law requiring this result. Although he was unable to identify which cases he was talking about, his story is plausible. Under a prior version of the rules, if a party noticed an appeal from a judgment, and the other party subsequently filed a timely tolling motion, the appeal became ineffective and a new notice of appeal had to be filed. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60–61 (1982) (per curiam). However, the Rules were amended in 1993 to eliminate this "trap." Fed. R. App. P. 4, Advisory Committee Notes to the 1993 Amendments. Since 1993, Rule 4(a)(4)(B)(i) has provided that notices of appeal filed before timely tolling motions are decided "become effective" when the last tolling motion is decided.

17

to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Nasser could have noticed his appeal at any time between November 22, 2013, when this Court granted summary judgment, and February 6, 2014, 30 days after it denied his motion for reconsideration. Had Nasser noticed his appeal, and the Court subsequently ruled against him on any of the tolling motions, Nasser could have amended his notice to also appeal from the order disposing of the tolling motion for "no additional fee." Fed. R. App. P. 4(a)(4)(B)(ii), (iii).

Nor can Nasser establish excusable neglect by pointing to the complicated questions of law concerning whether a motion for fees as sanctions is a "motion for attorney's fees under Rule 54(d)(2)" that can be treated like a tolling motion if the district court so orders. *Cf. Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("[N]eglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules."). Even assuming the Court clearly could enter such an order, it is unreasonable for a party to miss the appeal deadline because the party anticipates that the district court will *sua sponte* enter a Rule 58(e) order before the time to appeal expires. Civil Rule 58(e) plainly states that "[o]rdinarily, … the time for appeal [may not be] extended[] in order to tax costs or award fees." Likewise, Appellate Rule 4(a)(4)(A)(iii) indicates that a motion for attorneys' fees tolls the time for appeal only if the district court enters a Rule 58(e) order. *See Wikol* ex rel. *Wikol v. Birmingham Public Schools Board of Education*, 360 F.3d 604, 608 (6th Cir. 2004) (noting the "plain" language of Rule 4 that requires court action to toll the time to file a notice of appeal when a party moves for fees under Rule 54). No such order was entered in this case, and Nasser did not ask for one until well after the original time for appeal had run.

18

The Federal Rules of Appellate Procedure unambiguously provide that a litigant must notice his appeal within 30 days of the judgment, or, if a tolling motion is filed, within 30 days of the order disposing of the last tolling motion. Here, the time for appeal began to run on January 7, 2014, the day the Court denied Nasser's motion for reconsideration, which it construed as a motion to alter or amend its judgment under Rule 59(e). Both the appellate and civil rules clearly provide that a motion for attorneys' fees tolls the time to note an appeal if—and only if—the district court enters a tolling order. WhitePages filed a motion seeking attorneys' fees on January 30, 2014, but the Court did not enter an order tolling the time to note an appeal from the judgment. Applying the plain language of the rules, then, the time to appeal the judgment expired on February 6, 2014. Nasser's apparent misunderstanding of the plain language of the rules is not an adequate reason under the excusable neglect standard for the Court to extend the time to appeal, even though the other three *Pioneer* factors point in his favor. *See Prizevoits*, 76 F.3d at 133. Accordingly, I recommend the Court deny his motion.

### III. Recommended Disposition

Based on the above findings and analysis, I respectfully recommend that the Court construe Nasser's memorandum opposing WhitePages's sanctions motion (ECF No. 65) as a motion to extend the time to appeal and deny the motion. To the extent that Nasser's motion for an extension of time to file an appeal (ECF No. 75), which he filed on April 8, 2014, was not merely duplicative of his prior motion for extension, I recommend that the Court deny it as untimely under Rule 4(a)(5).

### NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such

proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send a copy of this Report and Recommendation to all counsel of record and any unrepresented party.

ENTER: April 30, 2014.

Joel C. Hoppe
United States Magistrate Judge