CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
JUL 0 2 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MICHAEL J. NASSER, SR., | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 5:12cv00097 |
| | ) |
| v. | ) |
| | ) |
| WHITEPAGES, INC, | ) By: Hon. Michael F. Urbanski |
| | ) United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court on (1) a report and recommendation and (2) an order, both issued on April 1, 2014, by the Honorable Joel C. Hoppe, United States Magistrate Judge, Dkt. Nos. 73, 72, as well as (3) a report and recommendation issued by Judge Hoppe on April 30. Dkt. No. 84. *Pro se* Plaintiff Michael J. Nasser ("Nasser") has filed a series of pleadings, Dkt. Nos. 79, 85, 86, which the court will construe as objections to both reports and recommendations and an appeal of Judge Hoppe's order. For the reasons set forth herein, the court will overrule both Nasser's objections and deny his appeal of the order.

### I. Factual and Procedural Background

Nasser originally filed this action in state court over four years ago. Since then this case has wound its way through both state and federal court, and has been the subject of numerous pleadings and opinions. Nasser's most recent pleadings come seven months after summary judgment was granted to the defendant.

The relevant facts begin just under five years ago, in October 2009. Nasser began receiving calls from a large number of customers trying to contact Comcast, the cable provider for the

1

Winchester, Virginia area. Dkt. No. 1-1, at 2. Understandably annoyed, Nasser investigated these calls and soon discovered that Defendant WhitePages, Inc. ("WhitePages") listed his number after entries for "Comcast Phone of Virginia" and "Comcast Phont of Virginia" on its website, whitepages.com. Id. This listing was based on information provided to WhitePages by Verizon Virginia, Inc. ("Verizon"). Dkt. No. 10, at 12 n.1.

Nasser called WhitePages on October 28, 2009, and asked for the listing to be removed. During that call a WhitePages representative allegedly told him that she had processed the requested removals. Id. at 3-4. However, the calls continued, and WhitePages maintained the erroneous listing on its website until February 17, 2011, more than a year after Nasser first contacted WhitePages to alert it of the problem. Id. at 5.

On April 21, 2010, Nasser sued WhitePages and Verizon in state court for nuisance, intentional infliction of emotional distress, and negligent infliction of emotional distress. Dkt. No. 51, at 2. Nasser settled his nuisance claim against Verizon after the court dismissed his other two claims. He non-suited his claims against WhitePages on February 8, 2012. Id.

Nasser re-filed his claims against WhitePages in state court on August 6, 2012. Id. On September 7, WhitePages removed the case to federal court. Dkt. No. 1. On September 27, Nasser moved for default judgment, arguing that service was effectuated when local counsel for WhitePages acquired the complaint on August 13, 2012. Dkt. No. 6. By order dated October 1, 2012, the court referred all non-dispositive motions to United States Magistrate Judge B. Waugh Crigler to hear and determine pursuant to 28 U.S.C. § 636(b)(1)(A), and all dispositive motions to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. No. 8. The next day, WhitePages moved to dismiss for failure to state a claim. Dkt. No. 9. On October 5, Nasser moved for entry of default. Dkt. No. 15. On December 20, Judge Crigler issued a report and recommendation, recommending that Nasser's motion for default be denied, and that WhitePages' motion to dismiss be granted. Dkt.

No. 26. On January 14, 2013, with the matter appearing to be nearing its conclusion, the court adopted Judge Crigler's Report and Recommendation in its entirety. Dkt. No. 27. On January 22, however, Nasser filed a motion to set aside the court's dismissal order, representing that he did not receive the magistrate judge's report and recommendation, and that he therefore did not have an opportunity to file any written objections. Dkt. No. 28. The court granted this motion on January 24. Dkt. No. 29.

On May 23, 2013, the court issued an order, accompanied by a memorandum opinion, denying Nasser's motion for default judgment and motion for entry of default, and directing that the parties engage in limited discovery on the issue of whether Nasser's claims against WhitePages were barred by the Communications Decency Act, 47 U.S.C. § 230. Dkt. No. 33. After this discovery, both parties moved for summary judgment. Dkt. Nos. 38, 43. On November 22, 2013, the court denied Nasser's motion and granted WhitePages' motion, finding that WhitePages was entitled to immunity under § 230 and that Nasser could not rely on promissory estoppel because Virginia law does not recognize it as a cause of action. Dkt. No. 52. The court dismissed Nasser's suit and struck it from the active docket of the court. On December 10, Nasser, unbowed, filed a "motion for reconsideration" of the court's summary judgment order. Dkt. No. 53. The court construed Nasser's motion as a motion to alter or amend the judgment under Rule 59(e), and denied the motion on January 7, 2014. Dkt. Nos. 54, 55.

The same day, WhitePages filed its bill of costs. Dkt. No. 56. On January 16, 2014, Nasser moved to dismiss the bill of costs. Dkt. No. 58. On January 30, WhitePages filed a motion seeking entry of a pre-filing injunction, or, alternatively, monetary sanctions against Nasser. Dkt. No. 59. In this motion, WhitePages requested that the court enjoin Nasser from filing any further papers in this matter without leave of the court "upon demonstration that any such pleading is being made without improper purpose, is in compliance with Rule 11 of the Federal Rules of Civil Procedure,

and can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure (if applicable)." Id. at 2. In the alternative, WhitePages requested that the court "impose monetary sanctions against Nasser in order to deter [him] from further abuse of the legal process." Id.

On February 18, 2014, Nasser filed his response to WhitePages' sanctions motion, as well as his own motion seeking to recover costs in this matter. Dkt. Nos. 64, 65. Later that day, WhitePages filed its response in opposition to Nasser's motion. Dkt. No. 66. On March 12, Nasser filed a motion seeking to "dismiss" WhitePages' sanctions motion and "quash" the exhibits filed along with it. Dkt. Nos. 68, 69.

By order dated February 21, 2014, the court referred all non-dispositive motions to United States Magistrate Judge Joel C. Hoppe[1] to hear and determine pursuant to 28 U.S.C. § 636(b)(1)(A), and all dispositive motions to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. No. 67. On March 17, 2014, Nasser next filed a motion requesting the court "to refer this matter to the Supreme Court of Virginia" to answer three proposed questions that Nasser argued were relevant to the disposition of this already-closed case. Dkt. No. 70. Judge Hoppe subsequently issued the two reports and recommendations and the order that are the subject of Nasser's most recent pleadings. The court will address each in turn.

### Judge Hoppe's April 1, 2014 Order. Dkt. No. 72.

Judge Hoppe denied WhitePages' motion for a pre-filing injunction, or, alternatively, monetary sanctions. Accordingly, he also denied as moot Nasser's motion to "dismiss" WhitePages' sanctions motion and "quash" the supporting materials. Finally, the order admonished Nasser and reminded him of Rule 11 of the Federal Rules of Civil Procedure.

Nasser devotes considerable time to objecting to an order that for the most part merely denies a motion for an injunction against him. Nasser seems to take issue with WhitePages'

---

[1] Judge Crigler had since retired.

4

characterization of his litigation as "vexatious," and reiterates his assertion that WhitePages' pleadings were motivated by bad faith in an attempt to deny him the opportunity to file an appeal. Dkt. No. 79, at 4-5.

Orders issued by magistrate judges on non-dispositive motions are set aside only if any part of the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Nasser's objection merely rephrases arguments made in previous filings. He presents nothing that indicates that any part of Judge Hoppe's order was clearly erroneous or contrary to law. Furthermore, Judge Hoppe correctly admonished Nasser for "hurl[ing] insults and unwarranted allegations of misconduct at opposing counsel," and for filing pleadings solely to run up his opponent's legal fees. Dkt. No. 71, at 10-11. The court will therefore deny Nasser's appeal of Judge Hoppe's order.

### Judge Hoppe's April 1, 2014 Report and Recommendation. Dkt. No. 73.

Judge Hoppe recommended that WhitePages' bill of costs be granted in part and denied in part, and that WhitePages be awarded $350.00. Dkt. No. 73. Additionally he recommended that Nasser's motion to dismiss the bill of costs, motion to recover his own litigation expenses, and motion to certify three questions to the Supreme Court of Virginia all be denied. Id. On April 24, 2014, noting that no objections had been filed, the court issued an order adopting Judge Hoppe's report and recommendation in its entirety. Dkt. No. 81. Subsequently, Nasser filed a "motion to correct the record," alleging that he did in fact file an objection to the April 1, 2014 report and recommendation. Dkt. No. 85. Specifically, he argues that his objection to the memorandum opinion and order of April 1, 2014 should be construed as also objecting to the report and recommendation issued the same day.

It is well established that *pro se* filings must "be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Therefore, the court will grant Nasser's request to construe his objection to the April 1, 2014 memorandum opinion and order as an objection to the report and recommendation

5

issued the same day. Reports and recommendations made by magistrate judges are reviewed de novo by the court. Fed R. Civ. P. 72(b)(3). Even construing Nasser's March 14 objections as pertaining to the report and recommendation, however, Nasser offers nothing to justify setting it aside, in whole or in part. The majority of Nasser's objection is devoted to complaints regarding WhitePages' attorneys' conduct during the litigation. In Nasser's only reference to the report and recommendation he gives his reasons for failing to effectuate service of process on WhitePages.[2] Dkt. No. 79, at 2-3. This information offers no additional reasons for certifying any questions to the Supreme Court of Virginia, or for rejecting any other portion of the report and recommendation. Accordingly, the court will not disturb its previous order adopting the April 1, 2014 report and recommendation in full.

### Judge Hoppe's April 30, 2014 Report and Recommendation. Dkt. No. 84.

On April 1, Judge Hoppe entered an order directing the parties to provide further briefing on whether the court should construe statements in Nasser's filing in opposition to WhitePages' sanctions motion and supporting his motion for expenses as a request for an extension of time to appeal and, if so, whether the request should be granted. Dkt. No. 74. On April 8, 2014, Nasser filed a motion for extension of time to appeal and a brief in support of that motion. Dkt. No. 75, 76. On April 15, WhitePages filed a brief in opposition to Nasser's request for an extension along with a supporting affidavit. Dkt. Nos. 77, 78.

On April 30, Judge Hoppe issued a report and recommendation which recommended that the court construe Nasser's memorandum opposing WhitePages' sanctions motion as a motion to extend the time to appeal and deny the motion, and that, to the extent that Nasser's motion for an extension of time to file an appeal, Dkt. No. 75, was not merely duplicative of his prior motion for an extension, deny it as untimely under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. On

---

[2] Nasser's former attorney apparently advised him to hold off on service of process while Nasser attempted to find another attorney.

May 15, Nasser filed an objection to Judge Hoppe's report and recommendation of April 30. Dkt. No. 86.

Nasser's filing of May 15 was styled an "objection to court's decision denying extension of time to appeal and motion to grant Nasser the time to file his appeal." Dkt. No. 86, at 1. This filing is clearly meant as an objection to Judge Hoppe's report and recommendation,[3] and will be construed as such. As previously noted, reports and recommendations made by magistrate judges are reviewed de novo by the court. Fed R. Civ. P. 72(b)(3).

A notice of appeal, filed, as Nasser's was, after the initial time to appeal expires can only become effective if the appellant has requested an extension of time during the 30-day grace period and shown good cause or excusable neglect. See Fed. R. App. P. 4(a)(5). In Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), the Supreme Court interpreted "excusable neglect" as used in Bankruptcy Rule 9006(b)(1).[4] The Court first held that the term "neglect" includes "inadvertence, mistake, or carelessness." Id. at 390. Determining whether the neglect is "excusable" is an equitable inquiry which takes into account the relevant circumstances, such as, "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395 (citing In re Pioneer Investment Services Co., 943 F.2d 673, 677 (6th Cir. 1991)).

In objecting to the report and recommendation, Nasser repeats his argument that WhitePages' bill of costs was a "subterfuge to delay the appeal," Dkt. No. 86, at 2, but he continues to offer no evidence in support of this position. "Unless a federal statute, these rules, or a court

---

[3] Nasser addresses his arguments to the report and recommendation throughout, and references it repeatedly.

[4] The Fourth Circuit has held that Pioneer's definition of "excusable neglect" also applies to the term as used in Appellate Rule 4(a)(5). See Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996).

7

order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), and WhitePages' bill of costs was accordingly granted in part. Nasser also continues to argue that WhitePages' sanctions motion is without merit. However, while the court ultimately decided against sanctioning Nasser, it did admonish him for certain conduct. Thus, the motion was not, in fact, totally void of all merit. Furthermore, WhitePages' intent is ultimately beside the point. Indeed, none of the above goes to the issue of whether the time for Nasser to file an appeal should be extended.[5]

Nasser also argues that he did not get a full and fair hearing because he was unable to address "his position for 'excusable neglect' based upon the conduct of the Defendant, starting in the state court proceedings. . . ." Dkt. No. 86, at 4. However, the excusable neglect standard applies to Nasser's fault, not any action of the defendant. In the notes to the 2002 Amendments to Appellate Rule 4, the Rules Advisory committee explained that under the excusable neglect standard, "the need for an extension is usually occasioned by something within the control of the movant." Fed. R. App. P. 4, Advisory Committee Notes to the 2002 Amendments. Judge Hoppe rightly concluded that WhitePages' state court filings would not be relevant to whether Nasser fulfilled the requirements for showing "excusable neglect." Nasser's allegation that he was denied a fair hearing because Judge Hoppe declined to hear another retelling of this case's long procedural history is therefore meritless. Judge Hoppe was already familiar with the record and appropriately considered all <u>relevant</u> factors.

Nasser finally argues that he acted in good faith, and that he missed the time to file an appeal out of "an abundance of caution," for fear that he would forfeit his appeal fee by filing prior to the

---

[5] Nasser may intend to suggest that WhitePages' filings allow him to fulfill the "good cause" standard for extending the time to note an appeal under Appellate Rule 4(a)(5). The court agrees with Judge Hoppe that, to the extent Nasser alleges WhitePages filed motions in order to obstruct his appeal, he has presented no evidence to support his claim, and WhitePages' motion had no effect on Nasser's ability to file his appeal.

court resolving defendant's motion for sanctions. Be that as it may, the fact remains that Nasser's misinterpretation of the rules is insufficient to establish "excusable neglect" under Appellate Rule 4, even considering that the other three Pioneer factors[6] – including the fact that Nasser acted in good faith – point in his favor. Thus, the court will overrule Nasser's objections to the report and recommendation, and adopt it in its entirety.

## Conclusion

This matter has been working its way through state and federal court for over four years. The court has carefully considered all of the issues raised by Nasser and expended considerable judicial time and resources in the process. The court is now fully satisfied that all matters relating to this case have been resolved. Accordingly, for the foregoing reasons, Nasser's various objections are overruled, and his appeal of the April 1, 2014 order will be denied. An appropriate order will be entered this day.

The Clerk is directed to send a certified copy of this Memorandum Opinion to the *pro se* plaintiff and to all counsel of record.

Entered: July 2, 2014

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge

---

[6] Judge Hoppe rightly concluded that the danger of prejudice to WhitePages was minimal, as was the length of the delay, and that Nasser's failure to meet the deadline to appeal was in good faith.

9